**Dr. Jim F. BARHAM, Plaintiff,**

v.

**Ewell WELCH et al., Defendants.**

**No. LR–C–78–267.**

United States District Court,
E. D. Arkansas, W. D.

Nov. 8, 1979.

Tom Donovan, Ernest W. Witt, Dardanelle, Ark., for plaintiff.

Robert V. Light, Little Rock, Ark., for defendants.

## OPINION AND ORDER

ARNOLD, District Judge.

This is an action by Dr. Jim Barham, former Superintendent of the Havana School District No. 86 of Yell County, Arkansas, for reinstatement, back pay, and damages. The claims principally relied on were that Dr. Barham's discharge was based on his exercise of First Amendment rights, that the procedures leading to his discharge were defective under the Due Process Clause of the Fourteenth Amendment, and that his discharge was a breach of his employment contract.

The case was tried to a jury for five days. During the trial the Court dismissed the First Amendment claim, holding as a matter of law that the speech in question was not protected. The pendent state-law claim for breach of contract was abandoned. The Court held that the manner of discharging the plaintiff did, as a matter of law, deprive him of property (the remainder of his contract's one-year term) without due process

of law. Reinstatement was denied because plaintiff's employment contract had expired by the time of trial. The Court held that plaintiff was entitled to back pay as an equitable incident of the reinstatement he would have received had the case been determined earlier.

The claims for additional compensatory damages (for injury to reputation) and for punitive damages were submitted to the jury under instructions posing the issue of defendants' good faith. The jury was unable to agree, and a mistrial was declared. The Court directed counsel to make submissions on the issue of back pay and related relief. The case is to be re-set for trial some time in 1980.

Pending before the Court are the plaintiff's request for an award of back pay, costs, and attorneys' fees, and the defendants' motion for summary judgment.

During trial, the Court ruled that the plaintiff was deprived of property without due process because the school board was not sufficiently impartial. More specifically, the Court held that Messrs. Vess and Mitchell had their minds made up before the hearing on August 4, 1978; there was no evidence which Dr. Barham could have presented which could have changed their minds about terminating his contract. In their motion for summary judgment, the defendants ask the Court to re-examine that ruling.

The Court has carefully reviewed the arguments of the parties on this question and has studied the portions of the trial transcript submitted by the defendants. The portions which are determinative are as follows:

Q. Now, let me ask you, Mr. Mitchell, at that hearing, was there any evidence which Dr. Barham could have presented which have made you render a different decision than the one which you ultimately did at the conclusion of that meeting?
A. I don't think so. (T. 78)

. . . . .

Q. And our contention is that what was done to Dr. Barham was not fair, and

your testimony so far is that you made up your mind during that hearing?

A. [Mr. Vess] That's right.

Q. So my question, while it appears unfair, is very important. I want you to think for a moment and tell me if there could have been any circumstances under which you would have voted to retain Dr. Barham. Tell the jury what could have been—

MR. LIGHT: Objection, Your Honor. This is the third time and the witness has answered twice that he can't answer this hypothetical question.

THE COURT: Overruled. The witness has refused to answer the question. The Court thinks it is a proper question. Go ahead and answer, Mr. Vess.

A. I really don't think at that stage of the game—this is my personal opinion— would have changed anything. I sure don't.

 If two of the four participating members of the board would not under any circumstances have changed their minds regardless of the evidence presented by Dr. Barham at the hearing, the hearing was useless from Dr. Barham's perspective. Although complete impartiality is not required, fundamental fairness necessitates that the members of the tribunal have no actual bias. "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases." *In Re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1954). Based upon their testimony, the Court must conclude that Messrs. Vess and Mitchell were not "capable of judging [this] particular controversy fairly on the basis of its own circumstances." *Hortonville Joint School Dist. No. 1 v. Hortonville Education Ass'n*, 426 U.S. 482, 493, 96 S.Ct. 2308, 2314, 49 L.Ed.2d 1 (1976), quoting from *United States v. Morgan*, 313 U.S. 409, 421, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). The Court has considered the other arguments raised by the defendants on this issue, including the argument that the claim of impartiality was waived, but does not find them persuasive. The holding of the Court is therefore re-affirmed.

 The defendants argue that the complaint should be dismissed as to Messrs. Welch and Tougaw in any event since there was no evidence of bias on their part. The Court cannot agree. They are proper parties defendant in their official capacities as members of the school board. In addition, the jury might find them liable for damages on the basis of bad faith, when this case is re-tried. There was sufficient evidence to go to the jury on that issue at the conclusion of the first trial.

 The plaintiff has submitted an affidavit claiming $14,906.84 in back pay. A portion of this claim is designated "remaining travel expenses per contract," and is in the amount of $1,070.00. The defendants challenge this portion of the claim. The plaintiff's response is that $100.00 a month was paid by the school district regardless of whether any travel expenses were actually incurred; the plaintiff characterizes the monthly payment as "simply an emolument of my position as Superintendent." This item will be allowed. The defendants also argue that the plaintiff's income as a lay minister should be deducted. The plaintiff states in an affidavit that he was paid as a lay minister even before he was fired, and the Court accepts this statement. The plaintiff's income as a minister will not be deducted. It follows that the plaintiff is entitled to the total amount of back pay claimed.

 With regard to the claim for attorneys' fees, the defendants argue that an award would be premature if made at this time. The Court cannot agree. The plaintiff is the prevailing party at least with regard to the due-process issue, and a computation of attorneys' fees can easily be made for the time spent thus far. The minimum award generally should be no less than the number of hours claimed multiplied by the attorney's hourly rate. *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 (8th Cir. 1978). Once this base amount is computed, it may be adjusted by the application of the guide-

lines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 174 (5th Cir. 1974), which were expressly approved by the Court of Appeals in *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876, 884 (8th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977).

Here, the plaintiff's attorneys have submitted an itemization of 271.3 hours expended in the prosecution of this suit. The Court has examined the hours claimed and finds that they are reasonable. The defendants make no argument to the contrary. The Court has considered the applicability of the *Johnson* factors, and has specific comments with regard to two of them. First, the legal questions involved in this litigation were somewhat novel and difficult. Second, the results obtained were significant, but the plaintiff has yet to prevail on all the issues in the litigation. As a matter of fact, he has failed on some issues, *e. g.*, the claim that he was discharged because of the exercise of First Amendment rights. Although this is a factor to consider, all claims which were pressed on plaintiff's behalf were reasonably calculated to advance his interests; attorneys' fees for time spent on such claims should not be denied solely because they did not provide the precise basis for the relief granted. *Brown v. Bathke*, 588 F.2d 634, 637 (8th Cir. 1979). All things considered, including the fact that the plaintiff does not make a claim for an enhanced fee, the Court concludes that a fee should be awarded in the amount claimed. It is based on a reasonable rate of $35.00 an hour out of court and $50.00 in court. A fee of $9,495.50 will therefore be awarded.

The plaintiff also claims $913.61 in expenses and $634.93 in costs. The defendants challenge the fees and mileage claimed for three witnesses who did not testify. The plaintiff's response is that the three witnesses were considered necessary at the time they were subpoenaed, and became unnecessary only as proof developed at trial. The fees and mileage for these persons will be allowed, and the plaintiff is therefore entitled to the full amount of expenses and costs claimed. Finally, the defendants ask that the Court make the requisite findings to enable review by the Court of Appeals under 28 U.S.C. § 1292(b). This request is granted. The Court is of the opinion that the portion of this order which re-affirms the finding that plaintiff's due process rights were violated involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from this order may materially advance the ultimate termination of this litigation. If this order is in error, there is no need for a second jury trial.

In summary, the Court's due process holding is re-affirmed, and the defendants' motion for summary judgment is denied. The plaintiff is entitled to an award of $14,906.84 in back pay, $9,495.50 in attorneys' fees, $913.61 in expenses, and $634.93 in costs.

IT IS SO ORDERED this 7th day of November, 1979.